Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------x
CITY OF MIDDLETOWN, MARLINDA
DUNCANSON, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS MAYOR OF THE
CITY OF MIDDLETOWN, ROBERT MOSON,
IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, MAXINE MEYER,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS A MEMBER OF THE COMMON
COUNCIL OF THE CITY OF MIDDLETOWN,
JAMES ROLLINS, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, THOMAS J. BURR, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, JOHN VANDERVOORT,
IN HIS OFFICIAL CAPACITY AS A MEMBER
OF THE COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, GERALD KLEINER, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, RAYMOND DEPEW, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, AND JOEL SIERRA, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN,

           Petitioners,

  -against-

PENCOR-MASADA OXYNOL, LLC,

           Respondent.
-----------------------------------------------------------x

ORDER
TO SHOW CAUSE

Index No. 2007 6035

Assigned Judge:
Hon. Joseph G. Owen, J.S.C.

UPON the annexed Affirmation of Michael G. Murphy, Esq., in Support of Petitioners' Petition to Stay Arbitration and Request for Temporary Stay, dated July 6, 2007, and the above-captioned Petitioners' Petition to Stay Arbitration, verified on July 6, 2007, ~~and submitted this day of July, 2007~~, it is *subject to any appropriate jurisdictional or other legally supportable objections*

ORDERED, that Respondent, Pencor-Masada OxyNol, LLC ("PMO"), show cause before a Justice of this Court, *(Hon. Joseph G. Owen, JSC)* ~~to be assigned pursuant to 22 N.Y.C.R.R. § 202.8~~, at ~~9:30~~ *11:00* a.m. on the *23rd* day of July, 2007 at the Courthouse located at 285 Main Street, Goshen, New York 10924, why an order and judgment should not be granted:

1. Declaring that the individual Petitioners named as defendants in the arbitration proceeding captioned *Pencor-Masada Oxynol, LLC v. City of Middletown, New York, et al.*, case no. 13 192 Y 01324 07 (the "Arbitration Proceeding"), are not parties to the agreements upon which that arbitration may be compelled and did not consent to arbitration of the claims brought against them therein and, therefore, those claims, including PMO's claims for punitive damages against the individually named Petitioners, are not arbitrable, and ~~arbitration of those claims is~~ *staying arbitration of those claims* permanently ~~stayed~~ pursuant to CPLR. 7503(a);

2. Declaring that PMO's ~~cause of action~~ *claim* for tortious interference with a prospective or existing business relationship or contract is time-barred by General Municipal Law § 50-e because PMO failed to timely serve a Notice of Claim upon the City of Middletown and, therefore, that claim is not arbitrable, and ~~arbitration of that claim is~~ permanently ~~stayed~~ *staying arbitration of that claim* pursuant to CPLR 7503(a);

3. Declaring that PMO's ~~causes of action~~ *claim* for violations of the New York State constitution are time-barred by General Municipal Law § 50-e because PMO failed to timely

- 2 -

serve a Notice of Claim upon the City of Middletown and, therefore, those claims are not arbitrable, and ~~arbitration of those claims is~~ *staying arbitration of these claims* permanently ~~stayed~~ pursuant to CPLR 7503(a);

4. Declaring that PMO's ~~causes of action~~ *claims* alleging the City's violation of PMO's constitutional rights, including their due process rights and equal protection rights under the Fourteenth Amendment to the United States Constitution and their First Amendment rights to political association, are not arbitrable and are permanently stayed pursuant to CPLR 7503(a) because they are not within the scope of the agreements upon which the Arbitration Proceeding may be compelled and because arbitration of the fundamental constitutional questions raised therein is against public policy; and

5. Granting the Petitioners reasonable costs and attorneys fees; and it is further

ORDERED ~~that~~ *pending the return date and time hereof* the arbitration proceeding is hereby temporarily stayed in order to maintain the status quo ~~pending this Court's resolution of the claims for relief stated above and in Petitioners' Petition to Stay Arbitration~~; and it is further

~~ORDERED, that,~~ Sufficient cause appearing therefore, *let* service of a copy of this Order to Show Cause and the papers upon which it is granted upon the attorney(s) for Respondent PMO and upon the American Arbitration Association, pursuant to CPLR 7503(c), by registered or certified mail, return receipt requested *and by overnight delivery service* on July 9, 2007.

ENTER:

/s/ Joseph G. Owen
J.S.C.

HON. JOSEPH G. OWEN
SUPREME COURT JUSTICE

- 3 -