UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CITY OF MIDDLETOWN, MARLINDA
DUNCANSON, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS MAYOR OF THE
CITY OF MIDDLETOWN, ROBERT MOSON,
IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, MAXINE MEYER,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS A MEMBER OF THE COMMON
COUNCIL OF THE CITY OF MIDDLETOWN,
JAMES ROLLINS, INDIVIDUALLY AND IN HIS          :    Civil No. 07-6572 (CLB)
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, THOMAS J. BURR, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE            :    **REPLY TO**
COMMON COUNCIL OF THE CITY OF                        **COUNTERCLAIM**
MIDDLETOWN, JOHN VANDERVOORT,
IN HIS OFFICIAL CAPACITY AS A MEMBER
OF THE COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, GERALD KLEINER, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, RAYMOND DEPEW, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN, AND JOEL SIERRA, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
COMMON COUNCIL OF THE CITY OF
MIDDLETOWN,

          Plaintiffs,

  -against-

PENCOR-MASADA OXYNOL, LLC,

          Defendant.

------------------------------------------------------------------x

## REPLY TO COUNTERCLAIM

The City of Middletown, Marlinda Duncanson, Robert Moson, Maxine Meyer, James Rollins, Thomas J. Burr, John Vandervoort, Gerald Kleiner, Raymond Depew (collectively, the "Plaintiffs"), by their attorneys, Beveridge & Diamond P.C., respond herewith to the Counterclaim interposed by Pencor Masada OxyNol, LLC. ("PMO").

On July 6, 2007, pursuant to CPLR 7502 and 7503(c), Petitioners filed, in New York Supreme Court, Orange County, a petition to stay the arbitration (the "Petition") proceeding captioned *Pencor-Masada Oxynol, LLC v. City of Middletown, New York, et al.*, case no. 13 192 Y 01324 07 (filed on or about June 18, 2007) (the "Arbitration Proceeding"), against Respondent PMO.[1] The Arbitration Proceeding named the City and numerous City officials and sought the arbitration of contractual claims concerning a series of agreements between the City and PMO related to the construction of a waste-to-ethanol facility in the City ("City Agreements"). The Arbitration Proceeding also alleged, among other things, that the City had violated PMO's First and Fourteenth Amendment rights under the United States Constitution, that the City tortiously interfered with PMO's rights, and that the City had violated PMO's New York state constitutional rights.

The City's Petition seeks to stay arbitration of certain claims alleged in the Arbitration Proceeding on the basis that: (1) the individually named City officials were not parties to the City Agreements; (2) if the Arbitration Proceeding is stayed as to the named individuals, the punitive

---

[1] This matter was initiated by filing in the Supreme Court of the State of New York, Orange County, a petition pursuant to Article 75 of the New York Civil Practice Law and Rules to stay the Arbitration Proceeding commenced by PMO. In the state proceeding, the City and individual City officials were designated as "Petitioners", and PMO was designated as "Respondent". PMO subsequently removed the matter to this Court. For that reason, the City and City officials are herein referred to as "Plaintiffs" and PMO is referred to as "Defendant".

2

damages claims against them must be stayed as well; (3) certain claims are barred by the applicable limitations period; (4) the allegations of constitutional violations were beyond the scope of the arbitration provision contained in the City Agreements; and (5) New York public policy disfavors the arbitration of constitutional claims against a municipal government.[2]

By notice of removal dated July 23, 2007, PMO removed the Petition to this Court pursuant to 28 U.S.C. § 1441, asserting that the Petition raised a federal question and that this Court has diversity jurisdiction over the action. Plaintiffs have filed a motion to remand the matter to state court, which motion is pending before this Court. Plaintiffs therefore answer without prejudice to its motion to remand.

PMO's counterclaim is improper inasmuch as the allegations merely restate the allegations in PMO's arbitration complaint. Plaintiffs further respond to the specific allegations set forth in PMO's Counterclaim as follows:

1. Plaintiffs admit the allegations in Paragraph 1, except deny that the City designated PMO as the "preferred vendor" for disposing of waste for other municipalities in Orange County.

2. Plaintiffs admit that the referenced resolution was adopted and respectfully refers the Court to the resolution for its content. Plaintiffs deny that the resolution remains in effect or that the resolution is binding on the City, and state that the City Agreements expressly superseded all prior agreements, understandings and commitments between the parties. Plaintiffs deny the remaining allegations in Paragraph 2.

---

[2] PMO has represented that it is withdrawing its claims against the individuals and the punitive damages claim in the Arbitration Proceeding.

3.  Plaintiffs lack sufficient information and knowledge to admit or deny the allegations the first and second sentences in Paragraph 3. Plaintiffs admit that the Common Council voted in December 2003 to authorize the then Mayor to execute the City Agreements with respect to PMO's waste-to-ethanol project. Plaintiffs further admit that the agreements as executed by the City were forwarded to PMO in late March 2004. Plaintiffs otherwise deny the allegations.

4.  Plaintiffs lack sufficient information and knowledge to admit or deny the allegations in Paragraph 4 relating to "EPC" providers, "key parties", "long term commitments" for "primary revenue streams", and development, construction, installation and financing costs for the project; state that certain unilateral project changes by PMO call into question its allegation that it has "all environmental permits" for its project; admit that at one time PMO developed a "risk mitigation plan"; and otherwise deny the allegations.

5.  Plaintiffs admit that the New York State Department of Environmental Conservation ("DEC") issued certain approvals to the PMO project, that a review of the project pursuant to the State Environmental Quality Review Act ("SEQRA") was conducted, and that a determination by the Environmental Protection Agency had been made that the project did not, as proposed at that time, require a prevention of significant deterioration ("PSD") permit. Plaintiffs further state on information and belief, however, that certain unilateral changes to the project by PMO call into question whether the DEC approvals and SEQRA review need to be amended or revisited and whether the PSD permit requirements have been triggered. Plaintiffs otherwise deny the allegations.

6.  Plaintiffs lack sufficient information and knowledge to admit or deny the allegations in the first sentence of Paragraph 6. Plaintiffs deny the remaining allegations.

7.     Paragraph 7 states conclusions of law to which an admission or denial is not required. To the extent a response is required, Plaintiffs lack sufficient information and knowledge to admit or deny the allegations in Paragraph 7, except Plaintiffs deny the allegations to the extent they purport to assert PMO's compliance with the notification or other requirements of the City Agreements in relation to uncontrollable circumstances.

8.     Plaintiffs lack sufficient information and knowledge to admit or deny the allegations in Paragraph 8 and respectfully refer the Court to the referenced document for its content.

9.     Plaintiffs deny the allegations in Paragraph 9, except that Plaintiffs admit that PMO met with the City Common Council in or about February 2006.

10.    Plaintiffs deny the allegations in the first sentence of Paragraph 10. Plaintiffs lack sufficient information and knowledge to admit or deny the remaining allegations.

11.    Plaintiffs admit the allegations in the first sentence of Paragraph 11. The remaining allegations state conclusions of law to which an admission or denial is not required. To the extent a response it required, Plaintiffs deny the remaining allegations.

12.    Plaintiffs deny the allegations in Paragraph 12.

13.    Plaintiffs admit that PMO requested Alderman Rollins refrain from participating in certain matters pertaining the PMO project, but otherwise deny the allegations in Paragraph 13 and respectfully refer the Court to the referenced document for its content.

14.    Plaintiffs admit that PMO sent the referenced document to the City, respectfully refer the Court to the referenced document for its content, and state that the indicative schedule lacked critical information and credibility and improperly requested the City to implement the

referenced work plan when the City Agreements clearly placed that burden on PMO. Plaintiffs otherwise deny the allegations in Paragraph 14.

15. Paragraph 15 states conclusions of law to which an admission or denial is not required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 15 and respectfully refer the Court to the City Agreements for their content.

16. Plaintiffs admit that the referenced letter was sent to PMO's counsel and that the Common Counsel adopted a resolution concerning the PMO project on June 11, 2007, deny PMO's characterization of said documents and respectfully refer the Court to the referenced documents for their content. Plaintiffs otherwise deny the allegations.

17. Plaintiffs deny the allegations in the first, second and last sentences in Paragraph 17. Plaintiffs lack sufficient information and knowledge to admit or deny the remaining allegations.

18. Plaintiffs admit that they received the referenced letter from PMO, and respectfully refer the Court to the referenced document for its content. The City admits that its did not withdraw its June 12, 2007 letter, in which the City properly asserted its rights under the City Agreements. Plaintiffs lack sufficient information and knowledge to admit or deny the remaining allegations.

19. Paragraph 19 states conclusions of law to which an admission or denial is not required. To the extent a response is required, Plaintiffs deny the allegations.

20. Plaintiffs lack sufficient information and knowledge to admit or deny the allegations in Paragraph 20.

21. Paragraph 21 contains a prayer for relief, which is contested by Plaintiffs.

## DEFENSES AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

1. PMO has failed to state a cause of action against the City.

2. PMO's counterclaim is barred, in whole or in part, under the applicable statute of limitations.

3. PMO's counterclaim is barred by the defense of laches.

4. PMO's counterclaim is barred by the doctrine of unclean hands.

5. Any claims for injury, damage or loss sustained by PMO are barred by the equitable doctrines of waiver, abandonment and estoppel.

6. Any injury, damage or loss sustained by PMO was proximately caused by and/or contributed to by its own negligence, carelessness, action and/or omission.

7. PMO failed to mitigate or avoid its alleged injuries.

8. Except for the underlying contract dispute, PMO's claims are not within the scope of the applicable arbitration provision and not arbitrable.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Pencor Masada OxyNol, LLC in respect of its purported counterclaim as follows:

A. Dismissing the counterclaim;

B. Awarding Plaintiffs' attorneys fees and costs allowed by law; and

C. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 10, 2007.

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By: _____
Christopher J. McKenzie, Esq. (CM 2615)
Michael G. Murphy, Esq. (MM5472)
Zackary D. Knaub, Esq. (ZK 1724)

477 Madison Avenue, 15th Floor
New York, NY 10022-5802
Tel.: (212) 702-5400
Fax: (212) 702-5450

Attorneys for Plaintiffs

Of Counsel:   Alex Smith, Esq. (AS 5052)
Office of the Corporation Counsel
City of Middletown
16 James Street
Middletown, New York 10940
(845) 346-4140

86500v3 NewYork 012753