UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CITY OF MIDDLETOWN, et al,

                    Plaintiffs,

        - against -

PENCOR MASADA OXYNOL, LLC,

                    Defendant.
--------------------------------------------------------x

07 Cv. 6572 (CLB)

*Memorandum and Order*

Brieant, J.

       Before this Court for consideration is a Motion to Remand (Doc. 12) to the New York Supreme Court, County of Orange, and for alternative relief.  The Proceeding removed from that Court is by Plaintiffs seeking to stay an Arbitration Proceeding initiated by Pencor Masada Oxynol LLC, seeking in turn to resolve by arbitration contractual claims arising out of a series of agreements relating to construction of a waste-to-ethanol facility by Pencor in Middletown.  The Removal Notice relies on our Federal Question jurisdiction as well as diversity.  The Plaintiffs now seek to remand on the grounds that Pencor expressly waived any right to remove, and that this Court lacks subject matter jurisdiction.

*Subject Matter Jurisdiction*

       To the extent the City argues that certain claims alleged in the arbitration are beyond the scope of the arbitration clause, or are time barred, these contentions are for the arbitrators, and do not go to the issue of jurisdiction.

       Under the circumstances of this case, arbitration must be ordered if this Court has

-1-

independent subject matter jurisdiction to do so. The burden of showing the existence of subject matter jurisdiction is imposed on the pleader. The Arbitration Act does not create any independent federal question jurisdiction. *See Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25, fn.32 (1983).

Nor is diversity jurisdiction available, because the right to have a dispute of this sort arbitrated is not valued in excess of $75,000 exclusive of interest and costs, and the amount being arbitrated is not considered. *See Paduano v. Wachovia Securities*, 185 F. Supp. 2d 330, 332 (S.D.N.Y. 2002).

Accordingly, there is no need to consider the contention that the right to remove was waived by the forum selection in the Agreement. So much of the motion which seeks to strike the Pascale Declaration is denied.

The Motion to Remand is granted.

X

                         X

                                                 X

SO ORDERED.

Dated: White Plains, New York
October 1, 2007

                                              _____
                                              Charles L. Brieant, U.S.D.J.